UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                Case No. 8:08-CR-270-T-24EAJ

JEAN EVANS BAPTISTE
_____/

O R D E R

In April 2014, the United States Sentencing Commission
("Commission") promulgated and submitted to Congress Amendment
782 to the United States Sentencing Guidelines, which reduced
the sentencing guidelines for most federal drug trafficking
offenders. Specifically, Amendment 782 reduced by two levels
the offense levels in U.S.S.G. § 2D1.1(c)'s Drug Quantity
Table. In July 2014, the Commission promulgated Amendment 788
and amended U.S.S.G. § 1B1.10, which made Amendment 782
retroactive (effective November 1, 2014) but delayed until
November 1, 2015 the effective date for orders reducing prison
terms based on Amendment 782. See United States v. Peak, 579
Fed. Appx. 888, 891 n.1 (11th Cir. 2014) (per curiam).

Before the Court is Defendant's Motion for Sentence
Reduction Under Amendment 782 (D-467) and the Government's
response (D-469). In his motion, Defendant seeks a sentence

reduction based on Amendment 782. Additionally, Defendant seeks release from custody prior to November 1, 2015, the delayed release date selected by the Commission in its policy statement, U.S.S.G. § 1B1.10(e). While the Government agrees that Defendant is eligible for the two level reduction under Amendment 782, and does not oppose a reduced sentence of 78 months or time served, whichever is longer, it opposes Defendant's request to be released before November 1, 2015. (D-469, p. 2.)

Defendant was sentenced before the effective date of Amendment 782. The retroactive application of Amendment 782 therefore reduces his sentencing guidelines range by two levels. Where, as here, a defendant's original sentence was based on a sentencing range which has subsequently been lowered by a retroactive guidelines amendment, the defendant's sentence may be reduced "if such a reduction is consistent with applicable policy statements issued by the United States Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The Court has reviewed the facts in both the original Presentence Investigation Report and the November 25, 2014 memorandum from the United States Probation Office. (D-461.) Having considered the factors set forth in 18 U.S.C. § 3553(a), as well as the nature and seriousness of any danger

2

posed by a reduction of Defendant's sentence, see U.S.S.G. §
1B1.10, comment (n.1(b)(ii)), the Court determines that
Defendant is eligible for a guideline reduction, and adopts
the amended guideline calculations agreed upon by the parties
in Defendant's motion (D-467, p. 1-2) and the Government's
response (D-469, p. 2).

As Defendant is eligible for a sentence reduction under
Amendment 782, his motion will be granted to that extent.  The
Court finds that the November 1, 2015 delayed release date
does not violate 18 U.S.C. § 3582(a), 28 U.S.C. § 994(k), or
the United States Constitution.  The motion is therefore
DENIED to the extent Defendant seeks release from custody
prior to November 1, 2015.[1]  Consistent with U.S.S.G. §
1B1.10(e)(1), and in light of the practical difficulties of a
possible release date of Sunday, November 1, 2015, the
effective date of this order shall be November 2, 2015.

IT IS therefore ORDERED that:

1) Defendant's Motion for Sentence Reduction Under
Amendment 782 (D-467) is GRANTED insofar as he requests a

---

[1] Defendant's arguments challenging the delayed release provision in
U.S.S.G. § 1B1.10(e) are virtually identical to those made in a similar motion
before The Hon. James D. Whittemore in United States v. Taurino Espinoza, No.
8:06-Cr-389-T-27MAP, 2015 WL 736396 (M.D Fla. Feb. 20, 2015).  The court in
Espinoza rejected those arguments in a detailed analysis, and those findings and
conclusions in that order are incorporated by reference herein.  (Id.)

3

reduction in his sentence.

2) Defendant's Motion for Sentence Reduction Under Amendment 782 (D-467) is DENIED insofar as he seeks release prior to November 1, 2015.

3) The Court reduces Defendant's sentence from a period of imprisonment of ninety-seven (97) months to **seventy-eight (78) months or time served**, whichever is longer. <u>See</u> U.S.S.G. § 1B1.10(b)(2)(C) ("In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.").

4) All other provisions set forth in the Amended Judgment (D-408) shall remain in full force and effect.

5) The effective date of this order is November 2, 2015.

**DONE AND ORDERED** this 4th day of March, 2015.

_____
WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE


Copies to:

Counsel of Record
United States Marshal Service
United States Probation Office